## DYER *v*. DYER.

### Opinion delivered February 1, 1915.

1. STATUTE OF FRAUDS—DEED TO LANDS—PAROL AGREEMENT.—Where appellant holds possession of lands belonging to deceased under a parol promise by deceased to deed appellant a portion thereof after the expiration of a certain time, and where appellant made valuable improvements on the land to be deeded to him, the case would not fall within the statute of frauds.

2. STATUTE OF FRAUDS—PAROL AGREEMENT TO CONVEY LANDS—VALUE OF IMPROVEMENTS.—Where appellant was in possession of lands belonging to deceased, and made improvements thereon of small value in comparison with the rental value of the land, the case will not be taken out the statute of frauds and a parol agreement by deceased to convey to appellant, will not be enforced.

3. APPEAL AND ERROR—FINDING OF CHANCELLOR.—Chancery cases are tried in the Supreme Court *de novo*, but the rule of practice is that the findings of the chancellor are of such persusive force, that, upon evenly balanced testimony, a decree will not be reversed.

Appeal from Lincoln Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Crawford & Hooker,* for appellant.

1. Where one occupies land under a parol contract with the owner, and makes valuable improvements, the case does not fall within the statute of frauds. The statute of frauds can not in courts of equity be made a means of fraud. The doctrine of part performance is well established in this State. 1 Story, Eq. Jur., § 759; 1 Ark. 391; 21 *Id.* 110; 19 *Id.* 23; 48 *Id.* 535; 30 *Id.* 249; 42 *Id.* 246; 68 *Id.* 150; 76 *Id.* 363; 76 U. S. (19 L. Ed.) 560; 83 Ark. 340; 91 *Id.* 280; *Ib.* 468; 97 *Id.* 366; 105 *Id.* 494; 55 *Id.* 583; 22 N. E. 537; 76 Ark. 363; 98 *Id.* 459; 102 *Id.* 658, etc.

2. The case is on trial here *de novo* and the finding of the chancellor is against the evidence. Appellant has

*fully executed* his contract, and has had possession the full period of limitation. 1 Story, Eq. Jur., § 759; 21 Ark. 110; 76 U. S. 254 (19 L. Ed.) 554, and cases *supra.*

*Danaher & Danaher,* for appellees.

1. The defendant has failed to make out a case and the statute of frauds applies. The burden was on him. 23 Ark 421; 39 *Id.* 424; 78 *Id.* 158; 20 Cyc. 222.

2. Possession of land can not avail to take a contract out of the statute of frauds unless the possession was delivered in pursuance of the contract. 76 Ark. 363; 75 *Id.* 526.

3. The improvements made did not cover the use or rents. They were not valuable. Pom. on Spec. Perf. of Cont., 131; 82 Ark. 42.

McCulloch, C. J. This case involves a controversy over the title to a tract of 120 acres of land in Lincoln County, Arkansas. Appellees, Ella Josephine and Edwin R. Dyer, are the widow and only child, respectively, of E. R. Dyer, deceased, who it is claimed, was the owner of the land. Their contention is that appellant, J. W. Dyer, entered into possession of said land as a tenant of said E. R. Dyer, and since the death of the latter appellant has refused to surrender possession after termination of his tenancy. Appellant contends, on the contrary, that he entered into possession of the land in controversy under parol agreement with E. R. Dyer that the latter would convey the same to him in consideration of his occupancy of certain other lands for said E. R. Dyer. He asked the court, in his cross-complaint, to decree specific performance of said contract on the ground that he performed his part of it by occupying the land in controversy, as well as the other lands owned by E. R. Dyer, and that he made valuable improvements on the tract in controversy pursuant to said contract. The case was heard upon the pleadings and depositions of witnesses, and the chancellor found against appellant upon the facts alleged in his cross-complaint and rendered a decree accordingly.

The evidence shows that E. R. Dyer was the owner of 320 acres of land in Lincoln County, including the 120 acres in controversy, but that there was an apparent defect in the title which he, the said E. R. Dyer, considered it necessary to cure by actual occupancy of the land for the statutory period necessary to confer title by limitation. There was a small amount of cleared land on this particular tract and improvements of inconsequential value. Appellant was a brother of E. R. Dyer and he introduced proof to the effect that E. R. Dyer proposed to him that if he would occupy the whole 320 acres as his (E. R. Dyer's) tenant, and hold possession during the period of statutory limitation, the said E. R. Dyer would make him a deed conveying this 120 acres. He testified that pursuant to that agreement he took possession of all the lands and held possession up to the time of the death of E. R. Dyer, and made valuable improvements. The testimony adduced by appellees tends to contradict that of appellant and to show that appellant occupied the lands solely as the tenant of E. R. Dyer. The conflict in the testimony is so sharp that we think that it can not be said that the finding of the chancellor on the facts is against the preponderance of the testimony.

(1-2) Learned counsel for appellant are correct in their contention as to the law of the case, that if appellant occupied the land under a parol contract such as he claims to have made with E. R. Dyer, the owner, and that he made valuable improvements, the case would not fall within the statute of frauds. However, the facts as found by the chancellor, are that there was no agreement for conveyance of the property as contended by appellant, and also that the improvements made by him are so slight in value, as compared with the rental value of the land during the time he occupied it, that the case is not taken out of the operation of the statute of frauds. There is much proof introduced by appellant of persuasive force tending to show that he is right in his contention that his brother, E. R. Dyer, agreed to convey the land to him; but upon the whole, the testimony is not

altogether satisfactory, and is not clear enough to justify us in overturning the finding of the chancellor. This is true, also, as to the value of the improvements made; for if the improvements were of little consequence, compared with the amount of rents he received on the place, that would not take the case out of the operation of the statute. *Young* v. *Crawford*, 82 Ark. 33.

(3) Chancery cases are tried here *de novo*, but the established rule of practice is that the findings of the chancellor are of such persuasive force upon evenly balanced testimony that a decree will not be reversed; and it not appearing to us in this case that the decree is against the preponderance of the evidence, it follows that the same must be affirmed, and it is so ordered.