## LINKER *v.* RACHEL.

### Opinion delivered March 31, 1924.

1. WATERS AND WATERCOURSES—CASTING SURFACE WATER ON ANOTHER'S LAND.—Where a person, by ditch, levee or other means, asserts the right continuously to cast surface water in a body on the lands of another, to the irreparable and permanent injury of the latter, the former is guilty of a private nuisance, which may be abated by injunction.

2. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—Where evidence was so conflicting that the Supreme Court could not say that the findings of the chancellor were against the weight of evidence, they will not be disturbed on appeal.

Appeal from Pope Chancery Court; *W. E. Atkinson*, Chancellor; affirmed.

*Hays, Priddy & Hays* and *Ward & Caudle,* for appellant.

A riparian proprietor has the right to have the water of a stream flow down to his land as it is wont to run in its natural mode or course. 27 R. C. L. 1091. He may erect any work, bank, etc., in order to prevent his land being overflowed by any change in the course of the stream. 27 R. C. L. 1108; 241 U. S. 351. Any landowner may defend against flood waters without incurring liability for damages, unless injury is necessarily inflicted upon another, which, by reasonable effort and expense,

could be avoided.   95 Ark. 345.   Surface water is a common enemy against which a landowner may defend.   123 Ark. 1.   See also 157 Ark. 618.

*Robert Bailey,* for appellee.

The stream is a watercourse within the definition found in 125 Ark. 364; 9 A. L. R. 1200; 24 L. R. A. (N. S.) 214.   Regardless of whether the stream was a watercourse, appellant had no right to erect the wall so as to throw the water on appellee's land.   93 Ark. 46.   Every landowner is entitled to have a stream flow in its natural and accustomed course, without obstruction or diversion. 99 Ark. 128; 143 Ark. 486; 135 Ark. 407; 99 Ark. 128. See also 27 R. C. L. 1153.   Findings of a chancellor not clearly against the preponderance of the evidence will be sustained.   157 Ark. 600; 157 Ark. 618.   Where a person by ditch or other means asserts his right continuously to cause surface waters to flow upon the lands of another, the injured party may abate the nuisance by injunction. 157 Ark. 618; 20 R. C. L. 402; *Id.* 472; 99 Ark. 574.   The fact that the land was purchased after the diversion does not prevent the issuance of an injunction.   27 R. C. L., 1136, § 67.

SMITH, J.   This is a suit for a mandatory injunction to compel appellant, who was the defendant below, to remove a wall erected by him on his own land, and there was a prayer for damages resulting from its erection. The decree rendered in the cause states the theory upon which the relief was prayed and granted, and we copy the following recital from it:   "There is a small watercourse which runs for a short distance between the plaintiff's and defendant's land, and then turns and flows directly through the lands of the defendant; and that the bed of said stream is shallow, and in times of rain the surface water, if left unobstructed, overflows most of the defendant's land; that the defendant had constructed a strong rock wall near the line between the plaintiff's and defendant's land, but upon the lands of the defendant; that said wall is about three feet high, and reclaims a large part of defendant's land from the overflow by

obstructing the natural flow of such water and so diverting it that it overflows and injures the plaintiff's land.'' The court found that the building and maintenance of the wall was a nuisance, and that the same should be removed so that the water might flow in its natural course, and ordered that the wall be removed and that plaintiff recover the sum of $50 to compensate the damage which its erection had occasioned. This appeal is from that decree.

Fifteen witnesses testified in the case, the majority of them on behalf of the plaintiff, and in the examination and cross-examination of most of these witnesses their testimony was illustrated by reference to a well-drawn map, which is before us. Without the use of this map, much of this testimony would be meaningless, but even with it much of the testimony is difficult to understand. The chancellor, no doubt, experienced the same difficulty, and the record recites that he visited the *locus in quo* in company with the attorneys representing the litigants, this being done, no doubt, to enable him to better understand the testimony, but we, of course, review this testimony *de novo,* and must base our decision upon the testimony as it appears to us from the printed record.

The wall erected by appellant is 48 yards long, 3 feet high and 2½ feet wide, and it is very clear that its erection has deflected the course of water which formerly flowed over his land—indeed, it was built for that purpose. Appellant insists, however, that the water thus deflected was mere surface water flowing over the land, without having a defined course, and that he has neither changed nor deflected any defined watercourse.

The testimony on the part of the plaintiff tended to show that there was formerly a watercourse having well-defined banks and bed, which ran from six to eight months each year, and, during the dry season, after every rain, and that the wall had so diverted its course that it turns and pours out its waters on plaintiff's land, and lost its identity as a watercourse after doing so.

The court evidently credited this testimony and based his decree on it, and, while the testimony is conflicting as to how the water was accustomed to flow and as to the effect of the wall, we are unable to say that the finding of the court is clearly against the preponderance of the testimony.

In the case of *Morrow* v. *Merrick,* 157 Ark. 618, there was a prayer for a mandatory injunction to compel the defendant to remove a levee and to fill a ditch which were alleged to have diverted the natural flow of surface water on the plaintiff's land in a body. The controlling facts in that case are very similar to those in the instant case, and the law as there announced governs here. We there said: ''Where a person, by a ditch or levee, or other means, asserts his right to continuously cast the surface waters in a body upon the lands of another, to the irreparable and permanent injury of the latter, the party causing such injury is guilty of a private nuisance. The party injured may, if he so elects, resort to a court of chancery for a mandatory injunction to abate such nuisance and to have the offending party forever enjoined thereafter from causing and maintaining such nuisance.'' (Citing cases).

What we there said about reviewing testimony on appeals in chancery cases is also applicable here, and, as we are unable to say that the findings of the chancellor are contrary to the preponderance of the evidence, the decree based on the findings made must be affirmed, and it is so ordered.