BURNETT *v.* CLARK.

4-7546                                185 S. W. 2d 703

Opinion delivered March 5, 1945.

*O. E. Williams,* for appellant.

ROBINS, J.   Appellant seeks to reverse a decree of the lower court as to the custody of his ten year old son.

On December 26, 1939, appellant signed an agreement by which it was provided that appellant waived service of summons in a divorce suit, not then filed by appellee, that such suit might be "heard at any time, either in term time or vacation," and "plaintiff to have custody of child." The complaint in the divorce suit was filed on December 30, 1939, and on the same day a decree was rendered by the court in vacation under which divorce was granted to appellee and she was given "the permanent care and custody" of the minor son of the parties.

On January 27, 1943, on the petition of appellant, the court modified the decree as to the custody of the child so as to permit appellant to have the child for one month during vacation each year and for two other weeks, and on alternate Christmas holidays, and at such time on week ends as would not interfere with the school work of the boy.

Appellant on January 20, 1944, filed petition for modification of the second order as to the custody of the child. In this petition appellant alleged that his son was being forced to walk four miles to school in all kinds of weather, that the school bus passed appellant's door each day, taking children to and from school, and that appellee was trying to poison the mind of his boy against him; and he prayed that he be granted the custody of the boy for the remainder of the school year and that appellee be admonished not to alienate the affections of the child from appellant. This petition was denied.

Another petition for a change in the order as to custody of the child was filed by appellant on June 13, 1944. In this petition appellant again alleged the difficulty of the child attending school from appellee's home, and asked that he be given custody of the boy during the school year, with appellee having him during vacation. The court, on hearing of the last petition of appellant, ordered that appellee be given the custody of the child beginning August 14, 1944, with the right on part of appellant to have the boy visit him every two weeks from six o'clock p. m. Friday until six o'clock p. m. on the following Sunday. This appeal followed.

No witnesses testified at the hearing except appellant, appellee and their little son. While it appeared that on some occasions the boy had to walk several miles to school, it was not shown that he was required to do this all the time or that this walking to school was injurious to his health. There was in the testimony no support of appellant's contention that appellee had been poisoning the mind of the child against appellant.

The record before us shows that, in order to facilitate the granting of divorce, appellant not only signed a waiver of service of summons and an agreement that the cause might be tried in vacation, but he agreed that appellee should have custody of the boy, with a stipulated remuneration from appellant for his support. As a matter of fact, appellant signed this agreement four days before appellee's complaint was filed; and on the same day that this complaint was filed the divorce decree was rendered. Such is the celerity with which, under our

complacent law, the most sacred of all contracts are dissolved, and little children, innocent of any wrong, are condemned to the tragedy of a broken home. The haste for this divorce (both parties have taken new spouses) was apparently such that appellant was then willing to forego any claim to the custody of his child. Of course this agreement, like any other agreement as to the custody of a child, was not binding, but it is of some importance as tending to show attitude at the time the original divorce suit was filed.

All parties to this unfortunate litigation were in person before the lower court, which thus had an opportunity—denied to us—to appraise the situation from the appearance, manner and demeanor of all concerned, as well as from the testimony. Under our long established rule a decree of the chancery court will not be reversed unless it appears that same is against the preponderance of the testimony. *Benton* v. *Southern Engine & Boiler Works,* 101 Ark. 493, 142 S. W. 1138; *Dyer* v. *Dyer,* 116 Ark. 487, 173 S. W. 394; *Morrow* v. *Merrick,* 157 Ark. 618, 249 S. W. 369; *Venable* v. *Vance,* 167 Ark. 678, 266 S. W. 70; *Bush* v. *Bourland,* 206 Ark. 275, 174 S. W. 2d 936. We have carefully reviewed the record in this case and we cannot say that the lower court's decree is against the weight of the testimony. Accordingly it must be affirmed.