OWEN *v*. UMBERGER.

4-8120                                          200 S. W. 2d 311

Opinion delivered March 24, 1947.

*H. E. Proctor, Jr.,* for appellant.

*Giles Dearing,* for appellee.

ROBINS, J. This appeal presents a controversy as to boundary between property of two adjoining landowners. Appellee, owner of the northeast quarter of the southwest quarter of section twenty-four, township nine north, range three east, instituted suit in the lower court against appellant, asking for an injunction against appellant, who holds conveyance for the southeast quarter of the northwest quarter of said section, to restrain appellant from trespassing upon and removing timber from appellee's land.

Appellant in his answer denied that the fence, which appellee alleged was on the line between the two tracts, was in fact so situated. Appellant asserted that the fence was intentionally built as much as 150 feet, at some points, north of the true boundary line, and that the land in dispute belonged to him.

The cause was submitted to the lower court on the depositions of appellee and nine witnesses in his behalf, and on the depositions of appellant and six witnesses in his behalf. Appellant seeks to reverse the decree of the lower court by which it was adjudged that the fence referred to in the pleadings and proof was the true boundary between the two tracts and that the land in dispute, lying south of this fence was the property of appellee.

It is undisputed that the fence claimed by appellee, and held by the court, as being on the dividing line between the two tracts, was built by Mr. Lewis, appellant's grantor, in 1925, and has since remained in the same location. The land north of the fence, belonging to appellant, has for many years been in cultivation. The strip south of the fence, the land in dispute, is and has been "in the woods." Appellant bought his land in 1927.

Appellee testified that he purchased his land in 1922, and obtained a deed for it in 1923 and during the same year had a surveyor named McElroy run his north line, and that he (appellee) blazed the trees along the line as established by the survey. Appellee further testified that when the fence was built by Lewis in 1925 it was built along the line which appellee blazed out under directions of the surveyor, and that he had been in possession of the land in dispute under claim of ownership ever since the fence was built. His testimony as to this was corroborated by that of other witnesses.

Lewis denied that he built the fence as a boundary, but stated that he purposely built it north of the true line, so that the fence would be located entirely on his land.

Neither side offered the testimony of a surveyor, nor was there any map, showing measurements and distances, introduced in evidence.

Appellant testified as to a survey he had made in 1928, which showed the true line from 150 to 2 feet south of the fence, and his testimony was corroborated by that of other witnesses. There was also testimony to show that another survey had been made which established the line as being north of the fence.

Two questions of fact are presented in this case: First, as to the true location of the boundary line between the two tracts; and, second, as to whether appellee had acquired title by adverse possession, assuming that the boundary line was where appellant claimed it to be.

The lower court found that appellee had been holding the land in dispute ''in open, adverse, continuous and hostile possession,'' and decreed that the fence erected by Lewis was the true boundary line.

From a careful review of the testimony we cannot say that the finding of the lower court is against the weight of the evidence; nor can we say that the location of the boundary along the line as contended for by appellant was established by a greater weight of the testimony.

We do not reverse a decree of the chancery court unless it appears to be against the preponderance of the evidence. *Benton* v. *Southern Engine & Boiler Works,* 101 Ark. 493, 142 S. W. 1138; *Dyer* v. *Dyer,* 116 Ark. 487, 173 S. W. 394; *Morrow* v. *Merrick,* 157 Ark. 618, 249 S. W. 369; *Venable* v. *Vance,* 167 Ark. 678, 266 S. W. 70; *Bush* v. *Bourland,* 206 Ark. 275, 174 S. W. 2d 936; *Burnett* v. *Clark,* 208 Ark. 241, 185 S. W. 2d 703.

Accordingly the decree of the lower court is affirmed.