SPENCER v. JONES.

4-8713                                          217 S. W. 2d 267

Opinion delivered February 7, 1949.

*J. V. Spencer, Jr.,* for appellant.

*Walter L. Brown* and *John M. Shackleford, Jr.,* for appellee.

ROBINS, J.   Appellants challenge correctness of decree of the lower court, by which it was adjudged that appellee recover against them the sum of $878.83 in appellee's suit for amount alleged to be due him for hauling gravel and for rental of certain machinery. Appellee also asked for enforcement of a lien against the real estate said to have been improved by the gravel, but a bond to perform judgment was executed by appellants and the lien was thereupon waived.

In their answer appellants admitted owing appellee $134.83, which they tendered into court.

Appellants owned a tract of land, known as Westwoods Subdivision in the City of El Dorado, which, for purpose of development, they laid out in lots and blocks, with necessary streets and alleys. Appellee did different kinds of work in the improvement of the subdivision; and the only dispute between the parties was as to a charge of $744 for hauling of gravel placed on certain streets in the addition.

Appellants do not deny the correctness of the amount of the gravel hauled, or the price charged by appellee therefor; but they deny any liability in the premises, and assert that they had not employed appellee to do the work. On the contrary, they say appellee should be compensated by the City of El Dorado for this work.

It is undisputed that appellants bought and paid for the gravel and that it was shipped to them, to be used on the streets in the sub-division owned by them. It is not denied that when the cars containing the gravel began to arrive one of the appellants called appellee and notified him to begin hauling it. It was also shown that a son-in-law of one of the appellants, who had been superintending the improvements, directed appellee where to place the gravel.

It was appellants' contention, however, that the City Council had by resolution agreed to pay for hauling the gravel and had employed appellee to do it. There was introduced in evidence no copy of such resolution, nor was any official of the city called to testify. It is quite possible that appellants, with some reason for doing so, believed that the city would pay the expense of hauling the gravel, but appellee denied that he had been employed by the city and testified that he told appellants' superintendent before the work was done that he was looking to them for his pay. It is argued by appellants that, at most, their agreement to pay for hauling the gravel was a collateral one, conditioned on the failure of the city to do so. Hence, they say that the agreement, not being in writing, is unenforceable. But there was ample testimony to show that appellants' undertaking to pay for the hauling was an original one.

While there were contradictions in the evidence as to phases of the controversy, it was not disputed that the gravel belonged to appellants and was hauled by appellee, under their direction, to improve streets in an area owned exclusively by them; and no employment of appellee by the city to do the hauling was shown. We cannot say that the finding of the lower court that appellants were

liable for this hauling was against the preponderance of the testimony. Therefore, under the rule long adhered to by us, the decree of the lower court must be affirmed. *Owen* v. *Umberger,* 211 Ark. 349, 200 S. W. 2d 311.