## ROBINS EX PARTE.

Where there is no subordinate court competent to issue a writ of *habeas corpus* — as where the office of Circuit Judge in the proper county is vacant — this court will award such writ.

### *Motion for Writ of Habeas Corpus.*

The petitioner filed a motion for a writ of *habeas corpus*, to admit to bail his negro man, who was in the custody of the sheriff of Pulaski county, on an indictment for murder.  The petition alleged that the office of Judge of the Circuit Court of Pulaski county was then vacant, and would continue so for some time, and prayed that this court would issue the writ, &c.

FOWLER, for the motion.

Mr. Justice SCOTT delivered the opinion of the Court.

The showing, which, for the purpose of this application, will be taken as true, making it manifest (and being otherwise sufficient) that, from the accidental cause stated, there is no subordinate court competent to give the relief sought, and that without the interposition of this court in the exercise of its constitutional powers of superintending control, there will be a failure of justice, we think, in the exercise of this 'high discretion, that the application should be granted in pursuance of the doctrines heretofore laid down. *Amour Hunt Ex parte,* 5 *Eng. R.* 288; *Carnall vs. Crawford Co.,* 6 *Eng. R.* 617; *Marr Ex parte,* 7 *Eng. R.* 92, 93; *Allis Ex parte,* 7 *Eng. R.* 101.