HERBERT v. HERBERT.

Opinion delivered April 2, 1928.

1. PARENT AND CHILD—PREFERENTIAL RIGHTS OF PARENTS.—Where not detrimental to the welfare of children, the law recognizes the preferential rights of parents to the custody of their children over relatives and strangers.

2. PARENT AND CHILD—CUSTODY OF CHILD.—The parents of a child which had been cared for by an uncle and aunt for the period of about two years because of the mother's illness, *held* entitled to the child's custody as against such uncle and aunt, both families being fit persons to have custody and able to support and maintain the child.

Certiorari to Crittenden Circuit Court; *G. E. Keck,* Judge; affirmed.

C. T. Carpenter, for appellant.

Berry & Berry, for appellee.

HUMPHREYS, J.   This is a contest over the custody of Lee Donald Herbert, a child two years of age, between his father and mother on one side and his uncle and aunt on the other.

The child was brought before Judge Keck, circuit judge of the Second Judicial District, on a writ of habeas corpus.   After hearing the evidence, the judge awarded the custody of the child to its parents, and appellants contend for a reversal of the order, upon the authority of the case of Verser v. Ford, 37 Ark. 27.   In that case it was said:

"As against strangers, the father, however poor and humble, if of good moral character and able to support the child in his own style of life, cannot be deprived of the privilege by any one whatever, however brilliant the advantage he may offer.   It is not enough to consider the interest of the child alone, and, as between father and mother, or other near relations of the child, where sympathies of the tenderest nature may be relied on, the father is generally to be preferred."

The court however made an exception to this general rule in that case, because the infant was motherless and needed the care of the grandmother, in whose custody the father had placed it when the mother died.   In the instant case the infant was not motherless.

The record reflects that H. E. Herbert and R. T. Herbert are brothers, and that, on account of the illness of Mary Herbert, the mother of the child, for about six months after its birth, the uncle and aunt offered and were allowed to take care of the infant.   The father and mother had three other children to care for, and the necessity of the situation demanded that temporary disposition be made of the infant.   The uncle and aunt offered to nurture and care for the child, and were permitted to do so.   They retained the custody of it for about two years, and during that period furnished food and raiment

for it. The father and mother paid little or no attention to the child during that time. At the expiration of two years the father and mother requested the return of the child, which request was refused on account of the affection which the parents had permitted to grow up between the uncle and aunt and the child. Both families were fit persons to have the custody of the child, and were able to support and maintain it.

The instant case is not parallel to and ruled by the case of *Verser* v. *Ford, supra*. The child will receive the tender care of its own mother under the order of the court. Every attention which could be bestowed upon it by the aunt can be and will be bestowed upon it by its mother. Where not detrimental to the welfare of children, the law recognizes the preferential rights of parents to them over relatives and strangers. Paramount rights of parents will be respected, unless the special circumstances demand that such rights be ignored. In the instant case the child is yet a mere infant, not having arrived at the age of discretion enabling it to intelligently consider its future welfare. It is true that it had learned to call the uncle and aunt father and mother, but its affection for them has not been allowed to root too deeply by lapse of time. The relationship has not been allowed to exist for such a period of time that it can be reasonably said that a severance thereof would be detrimental to the child and a rank injustice to the uncle and aunt. It is better that the ties be severed now than to permit them to grow stronger and then attempt to sever them.

No error appearing, the judgment is affirmed.