JOHNSTON *v.* LOWERY.

Opinion delivered March 10, 1930.

286

*G. L. Grant,* for appellant.

*Hardin & Barton,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that he is entitled to the custody of his child as against the child's aunt under the circumstances of this case, and that the order of the judge holding otherwise should be quashed. The general rule is well understood and well established that the father is the natural guardian of his child and entitled to its custody. *Mantooth* v. *Hopkins,* 106 Ark. 197, 153 S. W. 95. The law recognizes the preferential rights of parents to their children over relatives and strangers, and where not detrimental to the welfare of the children, they are paramount, and will be respected, unless special circumstances demand that such rights be ignored. *Herbert* v. *Herbert,* 176 Ark. 858, 4 S. W. (2d) 513; *Loewe* v. *Shook,* 171 Ark. 474, 284 S. W. 726.

The courts will not always, however, award the custody of an infant to the father, but, in the exercise of a sound discretion, will look into the peculiar circumstances of the case, and act as the welfare of the child appears to require considering primarily three things:

288

"(1) Respect for parental affection, (2) Interest of humanity generally, (3) The infant's own best interest." *Mantooth v. Hopkins, supra; Verser v. Ford,* 37 Ark. 29; *Coulter v. Sypert,* 78 Ark. 193, 95 S. W. 457. The majority of the court is of opinion, in which the writer does not concur, that there was only an exercise of sound discretion by the judge, and not an abuse of it, in awarding the custody of the infant child, under the circumstances of this case, to the aunt, to whom she was much attached, with whom she had long lived, and with whom she expressed a decided preference to remain.

Appellant pursued the correct practice by bringing the action or decision of the judge upon the *habeas corpus* proceeding to this court by certiorari for a review, revision or correction. *Ex parte Good,* 19 Ark. 410; *State v. Williams,* 97 Ark. 243, 133 S. W. 1017; *Ex parte Dame* 162 Ark. 382, 269 S. W. 754.

Having found the petitioner is not entitled to the relief sought, the petition will be dismissed. It is so ordered.