STATEMENT BY THE COURT.
This is a proceeding by certiorari to review and quash the action of the circuit judge, in awarding the custody of an eleven-year-old girl to respondent, her aunt instead of to her father, petitioner. The petitioner applied to the circuit court of Sebastian County for a writ of habeas corpus, and on the 10th day of July, 1929, the judge, at chambers, heard the application for the writ and evidence introduced, and found that it was for the best interest of the child that her custody be awarded to the father, and that he be allowed to have her at his home from Monday until Saturday of each week, and from Saturday until Monday each week said *Page 285 
child shall be permitted to remain with the respondents at their home. The order was a temporary one, to remain in effect until the 29th day of July, 1929, or until further order of the court or judge. On September 11, 1929, the matter was again presented to the judge at chambers, and, by consent of the parties and upon petition and response, the evidence taken on the first hearing and new evidence, the court found that the home of the petitioner's parents, with whom he lived, is a fit home for the child as also the home of respondents is likewise a fit home for the child. That, the petitioner being an unmarried man, if the custody of the child was awarded to him, she would actually be in the care of the petitioner's mother, Mrs. G. L. Johnston, and, if awarded to the respondents, she would be in the actual care of her aunt, Mrs. Clara E. Lowery; that the child, being a girl of tender years, is "at that stage of life, where she is in need of the care and training of a mother, and that the respondent, Mrs. Clara E. Lowery, is best fitted under all the circumstances shown in the evidence in this case to have the custody, care and training of said child, Wanda Lee Johnston; * * * who is now eleven years of age; that she has enjoyed particular care and attention and that she has advanced in school to the junior high school, and that she has emphatically expressed her desire to live with her aunt, Mrs. Clara E. Lowery"; found that Mrs. Lowery, from experience and acquaintance with the child from early infancy, close contact with her, blood relationship and affection for the child, and her peculiar adaptation to supply the position of mother for her, is peculiarly fitted for the custody, care and training of the child, and that it is clearly for the best interests of the child that she be awarded to her aunt, Mrs. Clara E. Lowery. The court adjudged the custody of the child to her aunt, Mrs. Lowery, "with the right to the petitioner of visitation with said child at any and all reasonable times, and to take said child to his home under reasonable circumstances and at reasonable times," and *Page 286 
retained jurisdiction of the case until further orders in relation thereto.
Appellant, petitioner, was married to Miss Pearl Bailey, sister of Mrs. Clara Lowery, respondent, and the mother of Wanda Lee, on August 28, 1917, and they lived together until May, 1924, when they voluntarily separated. She left the home of appellant and took the child with her. There was no divorce sought or granted, and they lived apart until the wife's death on the 27th day of April, 1929. The petitioner permitted the wife to have the custody of the child from the time of their separation until her death, and upon agreement he contributed to the support of the child regularly the specified amounts. He visited the child during the period when allowed and was devoted to her. At the wife's death she left a will undertaking to bequeath the custody of the child to her sister, Mrs. Lowery, and constituting her guardian. She left an estate of about $8,000 bequeathed to her sister, Mrs. Lowery, in trust for the child. After the mother's death her sister, respondent, kept Wanda Lee at her home. Petitioner desired the custody of his child to educate her in his own way, and, upon refusal of the aunt to allow him to take her out and keep her for more than two or three hours at a time or over night away from her home, asked for the writ of habeas corpus. Petitioner is unmarried, a brakeman on the Missouri Pacific Railroad, making from $150 to $200 per month, in the home with his father and mother, the only of their children at home, and the testimony supports the judge's finding that the home is well suited for the proper care of the grandchild, Wanda Lee. It was shown further and appears not to be disputed that the standing and reputation of appellant's father and mother in the community and the atmosphere about their home is as good as that of respondents, both being well suited for the proper care of the child. The aunt had had the custody and care of the child the greater portion of the time during the separation of the parents, the mother *Page 287 
continuing her professional school teaching, and was necessarily more closely associated with the child, to whom she was very devoted. During the time of separation the father only visited her occasionally, and the grandmother very rarely, if at all. This was attempted to be accounted for, however, by the father's statement that the child's mother preferred it so, and out of deference to her wishes he only visited the child occasionally, but his conduct was by no means exemplary during the separation. The girl, eleven years old, expressed a decided preference to continue living with her aunt, and the evidence disclosed as stated in the order, that she was also a fit person to have the custody of the child, and was able to continue to take care of her in her childless home as she had done during the life of the mother and the separation of the parents.
(after stating the facts). Appellant insists that he is entitled to the custody of his child as against the child's aunt under the circumstances of this case, and that the order of the judge holding otherwise should be quashed. The general rule is well understood and well established that the father is the natural guardian of his child and entitled to its custody. Mantooth v. Hopkins, 106 Ark. 197, 153 S.W. 95. The law recognizes the preferential rights of parents to their children over relatives and strangers, and where not detrimental to the welfare of the children, they are paramount, and will be respected, unless special circumstances demand that such rights be ignored. Herbert v. Herbert, 176 Ark. 858, 4 S.W.2d 513; Loewe v. Shook,171 Ark. 475, 284 S.W. 726.
The courts will not always, however, award the custody of an infant to the father, but, in the exercise of a sound discretion, will look into the peculiar circumstances of the case, and act as the welfare of the child appears to require considering primarily three things: *Page 288 
"(1) Respect for parental affection, (2) Interest of humanity generally, (3) The infant's own best interest." Mantooth v. Hopkins, supra; Verser v. Ford, 37 Ark. 29; Coulter v. Sypert, 78 Ark. 193, 95 S.W. 457. The majority of the court is of opinion, in which the writer does not concur, that there was only an exercise of sound discretion by the judge, and not an abuse of it, in awarding the custody of the infant child, under the circumstances of this case, to the aunt, to whom she was much attached, with whom she had long lived, and with whom she expressed a decided preference to remain.
Appellant pursued the correct practice by bringing the action or decision of the judge upon the habeas corpus proceeding to this court by certiorari for a review, revision or correction. Ex parte Good, 19 Ark. 410; State v. Williams, 97 Ark. 243, 133 S.W. 1017; Ex parte Dame162 Ark. 382, 269 S.W. 754.
Having found the petitioner is not entitled to the relief sought, the petition will be dismissed. It is so ordered.