DARNELL *v.* SMITH.

4-8206                              202 S. W. 2d 362

Opinion delivered May 19, 1947.

*Merle Shouse* and *J. Loyd Shouse,* for appellant.

*Ben C. Henley* and *J. Smith Henley,* for appellee.

McHANEY, Justice. Appellant and his former wife were married in this State in 1938. A girl child, Juanita Elaine, was born to them in 1939. Appellant divorced his former wife by decree of a Florida court on February 2, 1943, the ground thereof being adultery, and the custody of their little girl was awarded to him. He was then and had been for some time serving in the U. S. Navy. The former wife had left the baby with appellees, her stepfather and her mother who lived in Searcy county, and had gone to Key West, Florida, where appellant found her living in adultery with another man whom she later married. Appellant left the child with appellees and returned to his service in the Navy, sending her about $100 per month for her support. In July, 1944, appellant took the child to his own home, he having married again. In December, 1945, he established his home on a farm in Boone county where he is now living with his present wife, a child by her, and Juanita Elaine.

This action for the custody of Juanita Elaine was brought by his former wife. On May 10, 1946, the court entered a decree awarding its custody to appellant, its father, with the privilege of visitation on the part of the mother; that the grandparents be permitted to visit with said child and have it visit with them at reasonable times,

especially in the school vacation in the summer it should be permitted to visit in their home for as much as three weeks. In this decree is this clause: "All parties hereto are enjoined from removing said infant beyond the jurisdiction of this court without permission of the court."

On October 31, 1946, appellees filed an intervention in the cause for the modification of said decree, praying that they be permitted to have the child visit in their home from Friday afternoon to Sunday afternoon one week end per month, at least one-half of the Christmas holidays and for the entire summer vacation. Appellant contested their right to this division of the custody of his child on the grounds that there was no change in conditions to justify same, and that as her father and in her best interests he ought to have the eclusive right to direct her social and educational life without interference from third persons.

After an extended hearing and on November 13, 1946, the court granted appellees, interveners, the right to have the custody of said child in their home from Friday afternoon to Sunday afternoon the last week end of each month during the school term. From this order comes this appeal which was filed here February 6, 1947.

Thereafter, on April 21, 1947, appellant filed in the trial court a petition to modify the decree of November 13, 1946, in so far as it provides that said child visit with appellees during the last week end of each month and the former decree restraining him from removing said child from the jurisdiction of the court. He set up changed conditions, not necessary here to enumerate, which require him to remove to Farragut College and Technical Institute for a training course in forestry, to qualify him for a position with the Forestry Service of the U. S., available to him under the G. I. Bill of Rights, at government expense. It is an emergency situation that requires immediate acceptance. Provision is made for his family including the child here involved. The court declined to "pass upon said motion at the present time while the cause is pending on appeal in the Supreme Court: that

the motion should be taken under advisement until the cause is reached and determined by the Supreme Court.'' An appeal therefrom was allowed by the clerk of this court on April 30, 1947, and has been consolidated for consideration with the former appeal.

We think the court erred in modifying its decree of May 10, 1946, wherein the exclusive custody of said child was given to its father, appellant. By that decree appellees were given all the right over said child to which they were entitled, to visit it and have it visit with them in their home at reasonable and convenient times. There is no showing here that appellant is an incompetent or unfit person to have the exclusive custody of his own child. There is no showing that he is unable to provide for her physical, mental or moral training essential to her well being. On the contrary it is shown that he is living in a comfortable rural home, providing for her and his family the comforts and many of the conveniences of life, including the sending of her to school, church and Sunday school. He provided for her when she was living with appellees, while serving his country, to an extent far in excess of her needs.

As between the father and the grandparents, it was held, in *Baker* v. *Durham,* 95 Ark. 355, 129 S. W. 89, that ''by statute, as well as at common law, the father, unless incompetent or unfit, is the natural guardian of his minor children, and entitled to have their custody and the care of their education,'' headnote 1. See, also, *Verser* v. *Ford,* 37 Ark. 27; *Herbert* v. *Herbert,* 176 Ark. 858, 4 S. W. 2d 513. Appellant is, therefore, entitled to the unrestricted custody of his child Juanita Elaine and the trial court erred in modifying the original decree so as to give appellees her custody a part of the time.

While there was no thought on appellant's part that a condition might arise in the near future that would necessitate his and his family's removal from the jurisdiction, and the consequent removal of said child therefrom, at the date of the original decree, May 10, 1946, we think the appeal from the modification decree of Novem-

ber 13, 1946, brings the whole record before us, including the decree of May 10, and we think under the peculiar and extraordinary circumstances that have arisen since November 13, the injunction against her removal by appellant, if so intended, should be dissolved.

The appeal on appellant's motion to modify which has been consolidated with the original appeal is not from a final and appealable order. We treat it as a motion to advance and for an immediate mandate.

The decree of November 13 is reversed with directions to enter a decree in accordance with this opinion, to dissolve the injunction as to appellant, and an immediate mandate is ordered.

ED. F. McFADDIN, Justice, dissenting. My dissent goes to those parts of the majority opinion which hold: (1) that the appeal from the order of November 13, 1946, brings up also for review the order of May 10, 1946; and (2) that the injunction provision in the order of May 10, 1946, can now be set aside by this court in its present opinion. I discuss these points.

I. The chancery court entered an order on May 10, 1946, awarding custody of the child to the father. No appeal was prosecuted; and time for appeal lapsed. Then, on November 13, 1946, the chancery court entered an order modifying the order of May 10, 1946; and this appeal is from the November order. Such appeal can give this court no authority to vary the May order: yet that is exactly what the majority is doing in this case.

II. In the order of May 10, 1946, the father was enjoined from removing the child from Arkansas. Because of a situation arising even after the November, 1946, order, the father now wants to take the child to Idaho. So the father filed in the chancery court on April 21, 1947, a petition to strike out from the order of May 10, 1946, the injunction against removal of the child from the State of Arkansas. The chancery court postponed consideration of this motion until the Supreme Court had decided the appeal involving the November decree. From

the order of the chancery court of April 30, 1947 (postponing consideration of the motion of April 21, 1947), the father has appealed to this court. The majority holds (and correctly) that the chancery court order of continuance is not appealable; but the majority then grants the father the same full relief from the injunction against removal of the child from this state, as the father prayed in the chancery court motion, which was not appealable. So, the majority of this court—in granting the father such relief—must have done so on the theory that the father could have filed an original proceeding in this court. The Supreme Court is an appellate court, not a court for original proceedings in child custody cases. I think the majority should have left to the chancery court the right to hear and determine the father's request for permission to remove the child from Arkansas, and the Supreme Court should have taken no action on that issue until the chancery court had acted, and had made an appealable order, which had been duly appealed.

For the reasons herein stated, I dissent from those parts of the majority opinion contrary to the views herein expressed; and I am authorized to state that Mr. Justice MILLWEE joins me in this dissent.