Tidwell *v.* Tidwell.

5-631                                                276 S. W. 2d 697

Opinion delivered March 21, 1955.

[Rehearing denied April 18, 1955.]

*O. W. Pete Wiggins,* for appellant.

*David Solomon, Jr.,* for appellee.

J. Seaborn Holt, J. This suit is, in effect, a contest between appellant, Bernice Tidwell, and the paternal grandparents for the care and custody of Jimmy Tidwell, who is 8 years of age. There appears to be little, if any, dispute as to material facts.

Bernice and appellee were married January 25, 1946, and Jimmy, as only child, was born December 31, 1946. Appellee secured a divorce from Bernice August 25, 1948, on the grounds of indignities and was given the care and custody of Jimmy. He has remarried twice and has one child by his second wife, from whom he is divorced. He also has one child by his present wife and has acquired four step children. Bernice married Ellis Johnson some four years ago and has a child by him who is 16 months old. Johnson has two children by a former marriage, whose custody he is seeking.

May 6, 1954, appellant (Bernice) filed the present suit to set aside the divorce decree on the ground that she was a minor when the divorce decree was rendered and further sought the custody of the child.

The testimony shows that following the original divorce decree Bernice willingly agreed that the care and custody of Jimmy be given to appellee's father and mother (Marvin Tidwell, 48 years old, and Lucy Tidwell, 46) where he has remained almost continuously for approximately the past eight years. It also appears that these grandparents had the care and custody of Jimmy almost continuously prior to the divorce of appellant and appellee. The grandparents are devoted to Jimmy and have given him a good home and surroundings, with proper religious and necessary training. Their general fitness to care for him appears unquestioned.

Bernice testified: "Q. The relation between you and Mr. and Mrs. Tidwell and Esters is pleasant? A. Yes. Q. No trouble? A. No."

Bernice and her present husband live in Little Rock in a one bedroom apartment. Her husband is an engineer and steel worker, requiring his absence from home a great part of his time.

The trial court awarded custody to appellee, Esters Tidwell, with the privilege to allow Jimmy to remain with appellee's parents. The decree contains this recital:

"The custody of Jimmy Tidwell shall remain in Esters Tidwell, plaintiff herein, during the months of January, February, March, April, May, September, October, November and December of each year, with the right of said Esters Tidwell to allow the child to stay with Marvin A. Tidwell and Lucy E. Tidwell, the grandparents of Jimmy Tidwell; that during the months of June, July and August the custody of said child be with Bernice Johnson, the defendant herein."

This appeal followed.

After a careful review of all the testimony, we have concluded that, in the circumstances, the best interest of this child, which is always our primary consideration, requires that the decree be affirmed with the understanding that Jimmy remain with his paternal grandparents for the nine months each year that his father has his custody and that for the remaining three months to appellant, Bernice Tidwell, its mother.

If this action were solely a contest between appellant, the mother, and appellee, the father, we would award custody of the child to the mother for we feel that as between the mother and father, we would choose the mother to have its custody.

On appeals, such as this, the case comes to us for trial *de novo*. The party who seeks the modification of a divorce decree, awarding custody of a minor, assumes the burden of showing such changed conditions as would justify such modification in the minor's interests. (*Blake* v. *Smith*, 209 Ark. 304, 190 S. W. 2d 455.)

We said in *Graves* v. *French*, 209 Ark. 564, 191 S. W. 2d 590: " 'The law recognizes the preferential rights of parents to their children over relatives and strangers, and where not detrimental to the welfare of the children, they are paramount, and will be respected, unless special circumstances demand that such rights be ignored. *Herbert* v. *Herbert*, 176 Ark. 858, 4 S. W. 2d 513; *Loewe* v. *Shook*, 171 Ark. 475, 284 S. W. 726. The courts will not always, however, award the custody of an infant to the father, but in the exercise of sound discretion, will look into the peculiar circumstances of the case and act as the welfare of the child appears to require considering primarily three things: (1) Respect for parental affection, (2) Interest of humanity generally, (3) The infant's own best interest.' "

In cases like this, the custody of the child is not awarded for the purpose of gratifying the feelings of either parent or with any idea of punishing or rewarding either. (*Caldwell* v. *Caldwell*, 156 Ark. 383, 246 S. W. 492.)

As indicated, the mother was the first to surrender the custody of this child to its grandparents. The father, appellee, has shown slight interest in Jimmy, contributed little to his support, and surrendered the child's custody to his (appellee's) parents, where he has remained practically all of his life.

In the circumstances, we think the parties here have stood by too long and permitted the ties of affection, love and attachment between Jimmy and his grandparents to become too strong to be set aside at this late date. (*Pastor* v. *Sharp,* 212 Ark. 328, 205 S. W. 2d 855.)

We have not overlooked other contentions of appellant, but find each to be without merit.

Accordingly, the decree is affirmed, with the understanding that Jimmy stay with his paternal grandparents during the nine months' period above indicated.

Mr. Justices MILLWEE and ROBINSON dissent.