JACKSON *v.* CAMPBELL.

5-2324 343 S. W. 2d 106

Opinion delivered February 20, 1961.

*Paul K. Roberts,* for appellant.

*B. Ball,* for appellee.

GEORGE ROSE SMITH, J. This is a petition by which the appellant, a woman of thirty-five, seeks to regain the custody of her twelve-year-old daughter, Pamela Camp-

bell, born out of wedlock. The chancellor refused to take the child away from the appellee, the child's aunt by marriage, who has looked after the little girl ever since she was one year old. We are of the opinion that the chancellor's decision was correct.

There is very little dispute about the facts. The appellant grew up in Bradley county, but at the age of seventeen she left Arkansas and became a resident of Illinois. There she entered into an illicit relationship and became the mother of two illegitimate children. The older child, a son, still lives with his mother; this case involves the custody of the younger one, Pamela.

In 1949, when Pamela was a year old, the appellant returned to Arkansas for a visit. The appellant's brother, Hollis Campbell, and his wife, the appellee, had no children of their own and, according to the appellant, pleaded with the appellant to leave Pamela in their temporary care. The appellant yielded to her brother's entreaties and left the child in the Campbell home when she returned to Illinois.

In 1950 the appellant married James Jackson, who joins his wife in her effort to regain the custody of her child. The Jacksons now have six children of their own and are living in a home which they are purchasing in the city of Harvey, Illinois, a suburb of Chicago. There is no reason to question either the appellant's fitness to have the custody of her daughter or the suitability of the Jackson home as a place for the child's upbringing.

Our affirmance of the chancellor's decree is based upon the fact that the appellant permitted her daughter to remain in the Campbell home for ten years. Hollis Campbell died in 1954, but the appellant still allowed her sister-in-law, the appellee, to keep the child. During the ten years in question ties of love and affection have grown up between Pamela and the appellee, ties which should not be wantonly and suddenly destroyed. *Graves* v. *French,* 209 Ark. 564, 191 S. W. 2d 590. Pamela is undoubtedly happy in the appellee's home and is shown to be doing exceptionally well in school.

During the same period the appellant has become almost a stranger to her daughter. The two have seen each other only for an hour or so at a time upon the appellant's infrequent visits to Arkansas. The appellant has shown little interest in her daughter's welfare, has contributed almost nothing to her support, and has hardly even written to the child. The appellant insists that she has intended all along to take Pamela back to Illinois, but her excuses for her delay are so weak that her belated protestations carry little weight. The chancellor was greatly impressed by the testimony of Pamela herself, who strongly expressed her desire to remain in the home of the appellee. In these circumstances, as we intimated in *Lipsey* v. *Battle,* 80 Ark. 287, 97 S. W. 49, it would not now be to the child's best interest for the appellant's petition to be granted.

Affirmed.