GOINS *v.* EDENS.

5-3613                                    394 S. W. 2d 124

Opinion delivered September 20, 1965.

[Rehearing denied October 25, 1965.]

*Crumpler & O'Connor* and *Richard H. Mays,* for appellant.

*Brown, Compton & Prewett,* for appellee.

SAM ROBINSON, Associate Justice. In the year 1952, the appellant herein, who is now Doyce Olene Goins, married Murrell Edens. Three children were born of the marriage; a daughter, Deborah, 11; a son, Donald Glenn, 10, whose custody is involved in this litigation; and a daughter, Linda Karen, 9.

In September, 1958, appellant was granted a divorce from Edens. By agreement of the parties, appellant was awarded custody of the two girls, and Edens was awarded custody of the boy. Later, Edens married the appellee herein, Vera Nelle Edens; at a still later date, appellant married Bill C. Goins.

In June, 1964, Edens died, and appellant, Doyce Goins, natural mother of Donald Glenn, immediately attempted to get custody of the little boy, but Mrs. Edens, the stepmother, would not agree that the natural mother should have his custody. Hence, Mrs. Goins filed this action alleging the death of the natural father, Murrell Edens, and asked that she be awarded custody of her son. Vera Nelle Edens, stepmother of Donald Glenn, resisted the natural mother's petition and asked that she (Mrs. Edens) be awarded custody of the child. The child's paternal grandparents intervened and also asked that the stepmother be awarded custody. From an order awarding the stepmother, Vera Nelle Edens, custody of the little boy, the natural mother, Doyce Olene Goins, has appealed.

From the evidence it appears, without a doubt, that either party, Mrs. Goins, the natural mother, or Mrs. Edens, the stepmother, is a suitable person to have custody of the child. Both are good women, fully capable from every standpoint of rearing the little boy in a proper manner. In a situation of this kind, the law is firmly established that the natural mother has preferential rights to custody of the child.

*Hancock* v. *Hancock,* 198 Ark. 652, 130 S. W. 2d 1, was a similar situation; a contest between the natural mother and stepmother for the custody of a 13 year old boy. As in the case at bar, the trial court awarded custody to the stepmother. On appeal the decree was reversed. Judge FRANK SMITH, speaking for the court, said:

"The recent case of *Holmes* v. *Coleman,* 195 Ark. 196, 111 S. W. 2d 474, announces the rule which we think is applicable here. We there said: 'Courts are very reluctant to take from the natural parents the custody of their

child, and will not do so unless the parents have manifested such indifference to its welfare as indicates a lack of intention to discharge the duties imposed by the laws of nature and of the state to their offspring suitable to their station in life. . . .' ''

In other cases this court has said:

"There is no doubt but that both the grandmother and mother are attached to the child, and it has affection for them. That is not unusual. 'The law recognizes the preferential rights of parents to their children over relatives and strangers, and where not detrimental to the welfare of the children, they are paramount, and will be respected, unless special circumstances demand that such rights be ignored.' *Johnston* v. *Lowry,* 181 Ark. 284, 25 S. W. 2d 436; *Loewe* v. *Shook,* 171 Ark. 475, 284 S. W. 726; *Herbert* v. *Herbert,* 176 Ark. 858, 4 S. W. 2d 513.'' *Pfifer* v. *Pfifer,* 198 Ark. 567, 129 S. W. 2d 939.

"Where not detrimental to the welfare of children, the law recognizes the preferential rights of parents to them over relatives and strangers. Paramount rights of parents will be respected, unless the special circumstances demand that such rights be ignored.'' *Herbert* v. *Herbert,* 176 Ark. 858, 4 S. W. 2d 513.

"There is no question in this case about the moral fitness of either the natural or the foster parents to properly rear the child. They are all described by their neighbors as 'Good people.' It is probably true that the Holmes are in position to give the child better advantages; but this question will not be considered unless and until it be established that its parents should be denied its custody. The natural parents will not be deprived of their child because some other person is willing and able to give it better advantages.'' *Holmes* v. *Coleman,* 195 Ark. 196, 111 S. W. 2d 474.

"We have concluded that a case was not made which would warrant or require us to deprive the father of his presumptive right to the custody of the child, . . .'' *Grinder* v. *Harrell,* 208 Ark. 947, 188 S. W. 2d 307.

" 'There can be no question in the law that, as between a mother and grandparents, the mother is entitled to the custody of her child, "unless incompetent or unfit, because of poverty or depravity, to provide the physical comforts and moral training essential to the life and well-being of her child," . . .' *Loewe* v. *Shook,* 171 Ark. 475, 284 S. W. 726." *Servaes* v. *Bryant,* 220 Ark. 769, 250 S. W. 2d 134.

"Unless abandonment is clearly shown, or unless unnatural proclivities upon the part of the parents is established, such as cruelty or negligence amounting to parental indifference, the superior claim of a father or mother is given first consideration." *McGraw* v. *Rose,* 224 Ark. 96, 271 S. W. 2d 912.

There is no substantial evidence in the record indicating that Mrs. Goins abandoned her child or that she is not a proper person to have his custody. She is, therefore, according to many decisions of this court, entitled to his custody.

Reversed with directions to award custody of the child, Donald Glenn Edens, to his natural mother, the appellant herein.