MARR *v.* MARR.

4-8500                                         209 S. W. 2d 456

Opinion delivered March 22, 1948.

*Willis & Walker,* for appellant.

*Len Jones,* for appellee.

ROBINS, J. Appellant asks us to reverse decree of the chancery court by which that court denied her complaint, asking for custody of the five-year-old son of appellant and appellee.

Custody of this child had been previously granted to appellee on October 8, 1946, in a suit in the same court, at which time appellee was granted a divorce from appellant.

In the divorce proceeding appellant signed a waiver of service and entry of appearance, in which it was recited that appellee was to have custody of the child. Appellant, in the instant proceeding, claimed that by reason of illness she did not understand the nature and effect of the waiver when she signed it. Appellee and his lawyer's secretary both testified that appellant discussed the waiver, at first refusing to sign it. The preponderance of the testimony shows that she knowingly signed the waiver; and therefore there was no lack of process as to the first decree.

Even though she signed the agreement for appellee to have the child, this was not binding on appellant or controlling on the court. *Burnett* v. *Clark,* 208 Ark. 241, 185 S. W. 2d 703. Despite any such agreement it was the duty of the court, before rendering the original decree, to make the necessary investigation and determine where the best interests of the child required its custody to be vested. We assume that this was done, and that the decree was based on such investigation.

So the instant proceeding must be treated as one to change the custody of a child after such custody had been judicially determined. In such a case it devolves on the party seeking such change to show altered conditions affecting the child's welfare, or that material facts as to the situation were unknown to the court in the original

proceeding. "A decree fixing the custody of a child is final on the conditions then existing and should not be changed afterwards unless on altered conditions since the decree was rendered or on material facts existing at the time of the decree, but unknown to the court, and then only for the welfare of the child." (Headnote 1) *Phelps* v. *Phelps,* 209 Ark. 44, 189 S. W. 2d 617.

We do not find that the testimony showed such a change in conditions as would authorize a revision of the first order; nor was there any showing that material facts as to the matter were unknown to the court when that order was made.

In neither of the decrees was any provision made for appellant to visit her child or to have it with her. This was error.

The decree appealed from will therefore be modified so as to direct the lower court, on application of appellant, to provide that appellant may visit said child and have it visit her at such suitable times as the lower court may deem proper. Appellee to pay the costs of both courts.