## Vonda LENDERMAN *v.* Jerry LENDERMAN

CA 79-144                              588 S.W. 2d 707

Opinion delivered October 17, 1979
and released for publication November 7, 1979

*William B. Howard,* for appellant.

*Cathey, Goodwin & Hamilton,* for appellee.

GEORGE HOWARD, JR., Judge. The central issue in this enormously emotional and sharply controverted divorce proceeding is whether the trial judge's decree awarding custody of the parties' four-year-old daughter to the father is in the best interest of the child.

The pertinent facts are: Appellant instituted an action for an absolute divorce. She also requested custody of the parties' minor child. Appellee filed his counterclaim for divorce and custody of the child.

On July 18, 1978, temporary custody of the child was given to the father. The court found it would be in the best interest of the child to do so.

On December 27, the trial court conducted a final hearing which was replete with charges and countercharges of improprieties of language and conduct on the part of each parent.

Appellant testified that during the parties' five years of marriage, she has been required, although against her will, to permit appellee to indulge in oral sex during their personal and intimate relations.

Relative to the relationship between appellee and the parties' minor daughter, appellant stated:

A. He wouldn't never let me have anything hardly to do with my child. And he wouldn't allow me to sleep with her and he wouldn't allow me to give her a bath.

Q. Who did give her a bath?

A. He did. And he got in the bathtub with her and he bathed her and he slept with her.

Q. Now, when you say he got in the bathtub with her, describe his condition with reference to whether he was clothed or unclothed when he got in the bathtub with her.

A. He was totally naked.

Q. Now, how frequently did this occur?

A. Every night.

. . .

A. Yes, sir. I have seen him a many of times in the living room floor playing with Leigh.

He has kissed her face and kissed her stomach as if she were a grown woman. And he would absolutely get up out of the floor with [an erection] .

On the other hand, appellee testified that appellant has

threatened to kill the parties' child and has stated that she wished the child had died at birth; that appellant "jerk her around . . . holler at her and she did cuss around her." Appellee also cited an incident where appellant purportedly threw a portable typewriter at appellee and the child.

The trial judge, at the conclusion of the trial, entered his decree, dismissing appellant's complaint for divorce and awarded appellee an absolute divorce on his counterclaim. The decree, as it relates to custody of the parties' minor child, provides:

> 6. There was born of the marriage of the parties one child, being Elizabeth Lee Lenderman, now age 4 years, which child is in the custody of the defendant, Jerry Lenderman. It will be for the best interest of the minor child that her custody remain and be with the defendant, Jerry Lenderman, subject to visitation by the plaintiff . . .

> . . .

> . . . [T]hat the custody of Elizabeth Lee Lenderman should be and it is hereby awarded to the defendant subject to the rights of visitation on the part of the plaintiff as hereinabove set forth; . . .

It is well recognized that chancery cases, including child custody cases, are tried *de novo* on appeal and the action of the trial court will not be disturbed unless it is against the preponderance of the evidence. *Moore* v. *Smith*, 255 Ark. 249, 499 S.W.2d 634. Moreover, when the record is not fully developed and the appellate court cannot determine what the equities are, the appellate court will remand the proceedings to the trial court instead of proceeding to consider the merits and rendering a decree as should have been entered below. *Arkansas National Bank* v. *Cleburne County Bank*, 258 Ark. 329, 525 S.W.2d 82; *Crease* v. *Lawrence*, 49 Ark. 312, 3 S.W. 196; *Picket* v. *Ferguson*, 45 Ark. 177,

The record contains charges about appellee's alleged sexual proclivities, which were not refuted.

In *Matthews* v. *Lanier,* 33 Ark. 91 (1878), the Arkansas Supreme Court held that when the parties to a lawsuit offer testimony as to matters within their knowledge, and material evidence of one party is not contradicted by the other, it must be presumed to be true. See also: *Miller* v. *Jones, Adm'r.,* 32 Ark. 337 (1877).

The trial judge made no findings regarding the charges. We are unable to say that the court's decree is supported by a preponderance of the evidence; nor are we in a position to find that custody of the parties' minor child should be awarded to appellant.

Under these circumstances, we deem it appropriate to remand this proceeding to the trial court so that a hearing may be conducted in order to determine the merit of the charges made by appellant regarding appellee's alleged sexual propensities so that the court may satisfy himself that it is in the best interest of the parties' minor child to vest custody with appellee. The proceeding may encompass, but not be limited to, a detailed investigation of appellee's living accommodations by the State Department of Social Services and consideration of the possibility that neither parent is suitable for custody of their child. Moreover, the court may consider the feasibility of vesting custody with a grandparent or the State Department of Social Services.

In awarding custody of an infant, the court must keep in view primarily the welfare of the child. *Perkins* v. *Perkins,* 266 Ark.     (Decided October 3, 1979); *Digby* v. *Digby,* 263 Ark. 813, 567 S.W.2d 290 (1978); *Walker* v. *Walker,* 262 Ark. 647, 559 S.W.2d 716 (1978). The custody decree should not be framed or designed simply to conform to the wishes of a parent, nor should it be used as an instrument to reward or punish a parent.

The public has a vested interest in seeing that custody of a minor child is based on what is, in fact, the best interest of the child. Indeed, a child who is exposed to an environment which enhances his development, both physically as well as psychologically, is not only rewarding to the child, but is equally rewarding to his peers, as a role model, and to society as a whole.

Accordingly, we reverse the trial court and remand for proceedings not inconsistent with this opinion. This, however, does not mean that the trial court should divest the father of the custody of his minor child without affording appellee an opportunity to be heard.

Reversed and remanded.

PENIX, J., dissenting.

MARIAN F. PENIX, Judge, dissenting. The ruling of the chancellor in awarding custody of the child Leigh to her father, the appellee, is supported by a preponderance of the evidence and should be affirmed.

The record is replete with appellant's accusations against the character of the father. Not one of the accusations is corroborated. In each instance the father's denial is corroborated. Because a final attempt to malign the father by allegations of perversion was not answered by the father, the appellant says we must accept her testimony for the truth. If there is a presumption of validity it is certainly overcome by the entire pattern of appellant's testimony. The presumption also is overcome by the actions of the appellant herself. If she did in fact have real fears for the welfare and safety of her child she could have made more than just one visit to the child during a two-month period. The record reflects the appellant is not a timid person. Her bold personality is demonstrated by her displays of temper towards her own child and towards the appellee. It appears from the record had she been truly fearful that harm to Leigh was imminent she would not have been reluctant to report appellee to the proper authorities. The record reflects the appellant is not likely to shrink from a vindictive action towards the appellee if she had the truth on her side.

The learned chancellor is asked to sit in judgment in child custody cases. He hears all the testimony, he observes the demeanor of the witnesses, he weighs all the facts, he views the credibility of the witnesses. From all this he decides which custody situation would be for the best welfare of the child.

There is not only a preponderance of evidence but there

is overwhelming evidence to support the decision of the chancellor.

I respectfully dissent.