Dale PEMBERTON and Maxine PEMBERTON,
His Wife *v.* ARKANSAS STATE HIGHWAY
COMMISSION

CA 79-225                    597 S.W. 2d 605

Court of Appeals of Arkansas
Opinion delivered March 26, 1980
Released for publication April 16, 1980

*Matthews & Sanders,* by: *Roy Gene Sanders,* for appellants.

*Thomas B. Keys, John L. Munday* and *James N. Dowell,* for appellee.

GEORGE HOWARD, JR. Judge. This is an appeal from a decree finding the Arkansas Highway Department owner of 3,942 yards of crushed rock stockpiled on property owned by appellants. The Department has cross-appealed from that part of the decree awarding appellants $750.00 for future damages to and the unlawful use of appellants' property.

On March 3, 1975, Freshour Construction Company entered into a written lease with appellants which authorized Freshour to "quarry, crush, remove, ship and sell" stone from an eighty (80) acre tract of land owned by appellants. Freshour agreed to pay 10¢ per cubic yard for all stone removed.

Freshour was granted three years, from the date of the agreement, to complete the operation. However, paragraph 9 of the agreement gave Freshour sixty (60) days, after the termination of the agreement, to remove "all property, equipment, facilities, or improvements belonging to the lessee."

Sometime in March, 1975, Freshour contracted to sell the Highway Department 18,900 cubic yards of crushed stone for $69,432.00. In accordance with the Department's policy, Freshour was granted stockpiling privileges. Consequently, the stone sold to the Department was removed as the

Department's needs required. At the end of the three year term, the Department had approximately 3,943 yards of the crushed stone stockpiled on appellants' lands. The value of the stone was estimated at $16,000.00.

Sixty (60) days after the termination of Freshour's lease, appellants barricaded the entrance to their premises precluding the Department from removing any more stone.

Appellee petitioned the Searcy Chancery Court for an injunction enjoining appellants from converting the stone to their own use; and that appellants be directed to allow appellee to remove the chat.

Appellants argue that the Department is an assignee of Freshour and, therefore, the Department is subject to all of the terms and conditions contained in the written agreement between appellants and Freshour; that accordingly, appellee had sixty (60) days from the termination of the contract to remove all of its crushed stone and the failure to do so precludes appellee from asserting any right to the chat. Moreover, appellants contend that Freshour expressly informed them that any crushed stone remaining on their lands at the end of the sixty (60) day grace period belonged to them.

The trial court made the following findings:

"8. That the gravel remaining upon the defendants' lands was the property of the Highway Department, and not Freshour's, it having already sold said gravel to the Highway Department.

"9. That inasmuch as said gravel was the personal property of the Highway Department it did not revert to the defendants under the terms and conditions of their lease with Freshour.

"10. That the Highway Department has used the property of Mr. and Mrs. Pemberton for the purpose of stockpiling gravel, or gravel was permitted to remain on

their land without proper rental payments, and that they are indebted to Mr. and Mrs. Pemberton for the use and storage of said gravel."

It is settled law that a proceeding on appellate review from a chancery court is reviewed *de novo*. It is equally settled that an appellate court will affirm the chancellor where his findings are supported by a preponderance of the evidence. *Lenderman* v. *Lenderman*, 266 Ark. 1000, 588 S.W. 2d 707 (Ark. App. 1979); *Moore* v. *Smith*, 255 Ark. 249, 499 S.W. 2d 634 (1973).

It is undisputed Freshour paid appellants for all the stone extracted from their property; and that the Highway Department paid Freshour $69,432.00 for 18,900 cubic yards of stone of which approximately 3,900 yards still remain upon appellants' property. While it is conceded that appellants made no agreement with the Highway Department for stockpiling privilege and never dealt directly with the Department in the sale of stone, appellants readily admit that during the term of Freshour's lease, the Department entered upon appellants' permises and removed stone whenever the need arose. Moveover, appellants further concede that they had seen a State Highway Department sign near the pile of stone claimed by appellee identifying the chat as State's property.

Under the written lease between appellants and Freshour, Freshour had the right to "sell" all the crush stone taken from appellants' lands. The only condition imposed was that Freshour "shall make a monthly report to lessors . . . of all stone sold. . . . Such reports shall be accompanied by a check in the payment of the royalty due on the stone sold, or hauled from the property."

It is settled law that where minerals are extracted under a lease, the title to the minerals vests absolutely as personal property in the lessee as soon as they are mined and removed from their original location. 58 C.J.S. *Mines and Minerals*, § 177, page 379; *Quality Coal Company* v. *Guthrie*, 203 Ark. 433, 157 S.W. 2d 756 (1941); *Pasteur* v. *Niswanger*, 226 Ark. 486, 290 S.W. 2d 852 (1945); *Osborn* v. *Arkansas Territorial Oil & Gas Company*, 103 Ark. 175, 146 S.W. 122 (1912).

Ark. Stat. Ann. § 85-2-106 (Add. 1961), provides:

A 'sale' consists in the passing of title from the seller to the buyer for a price.

An assignment, on the other hand, is essentially a delegation of the performance of the duties of an assignor to another who, by its acceptance, promises to perform those duties. This promise is enforceable by either the assignor or the other party to the original agreement. *See:* Ark. Stat. Ann. § 85-2-210 (Add. 1961). We are persuaded that the transaction between Freshour and the Arkansas Highway Department was clearly a sale and not an assignment. There is no evidence that the Highway Department either intended or actually engaged in any mining operation on appellants' property.

Appellants argue that since appellee did not remove the stone within sixty (60) days from the termination of the lease held by Freshour, the chat became the property of appellants pursuant to Freshour's promise. The difficulty we encounter in giving any weight to this purported agreement is the fact that Freshour could not barter away the property rights of the appellee who was not a party to such an arrangement. Of course, Freshour could make such an arrangement with reference to any stone it owned.

Finally, we hold the action of the trial court in awarding appellants $750.00 for future damages and the unauthorized use of their property for three years is supported by a preponderance of the evidence. Appellee's appraiser testified that while the property was essentially pasture land, the property had a rental value of $50.00 per year. The appraiser also testified that he could not predict when grass would grow back on the area where the stone was stockpiled.

Affirmed.