Wanda Clark Butler VANCE
*v.* Lillian BUTLER

CA 80-188                                    606 S.W. 2d 153
Court of Appeals of Arkansas
Opinion delivered October 15, 1980

*Brockman & Brockman*, by: *C. Mac Norton*, for appellant.

*Jenkins & Berry*, for appellee.

DAVID NEWBERN, Judge. In this child custody case the appellant, who is the mother of four children, was denied custody of them after the death of the children's father who had been their custodian. The chancellor awarded custody to their paternal grandmother who is the appellee and with whom the children had lived before and after their father's untimely death. We find the chancellor's decision was not clearly erroneous or clearly against the preponderance of the evidence, and thus we affirm. A. R. Civ. P. 52.

Testimony revealed that the appellant had a long lasting affair with an employee of her husband. The affair took place in the farm home of the appellant and her husband in which

the children were present. There was testimony that this conduct had an adverse effect upon at least the oldest child. Eventually the appellant left her husband and continued the affair for some time. Upon her divorce from the children's father, the appellant agreed he should have custody of the children. Prior to marrying him she lived for some ten months with a third man, Mr. Vance, who is her current spouse.

There was a swearing match at the hearing between neighbors and friends who lived in and about the small Ethyl community where the appellant and the father of the children had lived. Some said she had been a good, or at least average, mother to her children. Others said she did not give them proper care, leaving them dirty and unkempt. At the time of the hearing, the two older girls were eleven and eight, and the twins were four years old.

All of the testimony showed the appellee, who was 59 years old at the time of the hearing, was a fine homemaker who cared well for the children. There was some evidence she was taking medication, but a doctor said she was in good health.

The main burden of the appellant's argument is that although the chancellor had a right to consider her admitted misconduct, this was not evidence of her present fitness, or lack of it, because most of it occurred some two years before the hearing. The appellant and her husband testified about wanting the children and about the good child raising conditions in their Hot Springs home.

We simply cannot find that, despite the presumption favoring a natural parent, the chancellor's decision was clearly against the preponderance of the evidence. The appellant admitted upon oral argument that the chancellor had a right to consider the testimony with respect to the appellant's misconduct. In view of the rule that in child custody cases the "personal observations" of the chancellor have special significance, *Wilson* v. *Wilson*, 228 Ark. 789, 310 S.W. 2d 500 (1958), we cannot say he reached an incorrect result as to the best interests of these children. *Digby* v. *Digby*, 263 Ark. 813

567 S.W. 2d 290 (1978); *Perkins* v. *Perkins*, 266 Ark. 259, 589 S.W. 2d 588 (Ark. App. 1979).

We agree with all of the cases cited by the appellant and the propositions for which they stand. For example, we agree that "unless abandonment [of children] is clearly shown, or unless unnatural proclivities upon the part of parents is established, such as cruelty or negligence amounting to parental indifference, the superior claim of a father or mother is given first consideration." *McGraw* v. *Rose*, 224 Ark. 96, 271 S.W. 2d 912 (1954). In our opinion, however, the chancellor was not clearly incorrect in finding that "first consideration" overcome by the evidence.

The only serious objection the appellant makes with respect to the appellee's ability to care for the children is that the appellee is now 60 years old and when the twins are 14 she will be 70. The chancellor had not terminated the relationship between the appellant and her children. She has been given liberal visitation rights, and the chancellor has retained jurisdiction of this matter so that, if circumstances change, the best interests of the children may continue to be served by whatever custodial change, if any, may thus be necessitated.

Affirmed.