Christina Heinley INMON *v.* Brad HEINLEY

CA 05-799                                                    224 S.W.3d 572

Court of Appeals of Arkansas
Opinion delivered January 25, 2006

*David P. Cann*, for appellant.

JOHN MAUZY PITTMAN, Chief Judge. The parties in this child custody case are the parents of Kaleb, a seven-year-old boy. The parties were divorced by a decree entered January 9, 2001. The decree granted custody of Kaleb to his father, the appellee herein, and required appellant to pay child support in the amount of twenty-five dollars per week. It further provided that appellant would receive "reasonable visitation to be exercised in an appropriate fashion and under proper conditions." Appellant filed a petition for change of custody in July 2004, alleging that there had been a material change of circumstances and that it would be in Kaleb's best interest for custody to be vested in appellant. Appellee denied this allegation and filed a counterclaim praying that the court impose standard visitation provisions. After a hearing, the trial judge found that appellant had failed to prove a material change in circumstances by credible evidence, and

denied her petition to change custody. In addition, the trial court granted appellee's counterclaim for the establishment of a definite visitation schedule and, *sua sponte,* increased appellant's child support obligation to $63.00 per week based on an imputed net income of $272.00 per week. On appeal, appellant argues that the trial court erred in failing to find a material change of circumstances warranting a change of custody, and in increasing her child support obligation. We agree, and we reverse.

In *Hamilton v. Barrett,* 337 Ark. 460, 989 S.W.2d 520 (1999), the Arkansas Supreme Court set forth the standard of review applicable in change-of-custody cases:

> In reviewing chancery cases, we consider the evidence de novo, but will not reverse a chancellor's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *Jones v. Jones,* 326 Ark. 481, 931 S.W.2d 767 (1996). We give due deference to the superior position of the chancellor to view and judge the credibility of the witnesses. *Noland v. Noland,* 330 Ark. 660, 956 S.W.2d 173 (1997). This deference to the chancellor is even greater in cases involving child custody, as a heavier burden is placed on the chancellor to utilize to the fullest extent his or her powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *Anderson v. Anderson,* 18 Ark. App. 284, 715 S.W.2d 218 (1986). Where the chancellor fails to make findings of fact about a change in circumstances, this court, under its de novo review, may nonetheless conclude that there was sufficient evidence from which the chancellor could have found a change in circumstances. *Campbell v. Campbell,* 336 Ark. 379, 985 S.W.2d 724 (1999); *Stamps v. Rawlins,* 297 Ark. 370, 761 S.W.2d 933 (1988).

> Our law is well settled that the primary consideration in child-custody cases is the welfare and best interest of the children; all other considerations are secondary. *Digby v. Digby,* 263 Ark. 813, 567 S.W.2d 290 (1978). A judicial award of custody should not be modified unless it is shown that there are changed conditions that demonstrate that a modification of the decree is in the best interest of the child, or when there is a showing of facts affecting the best interest of the child that were either not presented to the chancellor or were not known by the chancellor at the time the original custody order was entered. *Jones,* 326 Ark. 481, 931

S.W.2d 767. Generally, courts impose more stringent standards for modifications in custody than they do for initial determinations of custody. *Id.*

337 Ark. at 465-66, 989 S.W.2d at 523. Here, appellant presented evidence that appellee unreasonably withheld visitation from appellant, threatened that he would never allow appellant to see the child again, verbally abused and humiliated the child at a baseball game, and physically abused the child by routinely punishing him by spanking him with a belt so as to leave marks on the child's skin. This evidence, if believed, would clearly constitute a material change in circumstances that could warrant a change of custody. *See, e.g., Carver v. May,* 81 Ark. App. 292, 101 S.W.3d 256 (2003); *Hollinger v. Hollinger,* 65 Ark. App. 110, 986 S.W.2d 105 (1999). However, these matters were sharply contested at trial, and the trial judge expressly found the evidence adduced by appellant to be lacking in credibility. Given the conflict in the trial testimony, and the degree of deference that we accord to a trial judge's superior position to assess the demeanor and credibility of the witnesses in child custody cases, we cannot say that the trial judge erred in finding that appellant failed to establish a material change of circumstances on these grounds. *See Hamilton v. Barrett, supra.*

Of greater concern to us is behavior admitted to by appellee. He stated that, since the divorce, he had been arrested for passing hot checks on more than one occasion and for driving on a suspended driver's license. He also admitted that he subsequently was arrested for failing to pay fines previously imposed by the court in those criminal matters, and the record shows that appellee was also found in contempt of court in the present case for failing to pay attorney's fees pursuant to the decree of divorce.

This evidence of repeated lawbreaking, together with the confrontational and disrespectful character of several remarks made by appellee as he testified at trial, leads us reluctantly to the conclusion that appellee has lost the willingness and ability to act as a proper role model for his seven-year-old son, and to teach him the need to afford due respect to the law and to others. Appellee stated that his many arrests were attributable to his own stupidity, but he did not express regret. Appellee also admitted that the $4,000 spent on fines could have been better spent elsewhere. We have always recognized a distinction between human weakness leading to isolated acts of indiscretion, which do not necessarily

adversely affect the interest of a child, and moral breakdown leading to depravity which renders one unfit to have custody of a minor. *Anderson v. Anderson*, 18 Ark. App. 284, 715 S.W.2d 218 (1986). The repeated nature of appellee's transgressions and his demeanor at trial cause us to be greatly concerned that appellee will, by his example, teach his son a confrontational approach to life that is certain to be self-destructive. On our de novo review of the record, we must conclude that these were not isolated instances for which appellee has atoned and which will not be repeated, and we hold that the trial court erred in finding that appellant failed to prove a material change in circumstances.

Furthermore, our de novo review of the record leads us to the firm conviction that a change of custody to the appellant would be in the child's best interest. Appellant has shown her devotion to the child by paying double the amount of child support ordered by the trial court in the decree of divorce, and by regularly making voluntary payments to ensure that the child obtains school lunches, snacks at the Boys Club, and school supplies. Her testimony demonstrates that she understands that parents must, despite their mutual animosities, cooperate in a spirit of good will to alleviate the trauma suffered by children of divorce. She has remarried to a local businessman since the divorce, and the record indicates that her new husband is supportive of her desire to gain custody of her child and that their marriage is loving and stable. Appellee, too, has remarried since the divorce from appellant, but has experienced ongoing marital difficulties for the past year that have not been resolved, and a suit for divorce brought by his present wife is still unresolved. Having found that there has been a material change in circumstances and that a change of custody to appellant would be in the child's best interest, we reverse and remand for the trial judge to enter an order awarding custody of Kaleb to appellant, establishing a visitation schedule, and setting the amount of child support that appellee will be obligated to pay.

Reversed and remanded with instructions.

GRIFFEN and CRABTREE, JJ., agree.